MELINDA L. HAAG, CSBN 132612
United States Attorney
DONNA L. CALVERT, SBN IL 6191786
Acting Regional Chief Counsel
DANIEL P. TALBERT, SBN OH 84088
Special Assistant United States Attorney
     Social Security Administration
     160 Spear Street, Suite 800
     San Francisco, CA 94105
     Telephone: (415) 977-8926
     Facsimile: (415) 977-8873

Attorneys for Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMTUL CHEEMA, | )   CASE NO. 5:12-cv-04208-RMW |
| | ) |
|     Plaintiff, | )   STIPULATION AND  ORDER |
| vs. | )   FOR THE AWARD OF ATTORNEY FEES |
| | )   PURSUANT TO THE EQUAL ACCESS TO |
| | )   JUSTICE ACT, 28 U.S.C. § 2412(d) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
|     Defendant.[1] | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

     IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel,

subject to the approval of the Court, that Plaintiff be awarded attorney fees under the EAJA in the

amount of THREE THOUSAND TWO HUNDRED NINETY-THREE dollars ($3,293).  This

amount represents compensation for all legal services rendered on behalf of Plaintiff, to date, by

counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412.

_____

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as the defendant in this suit.  No further action need be taken to
continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42
U.S.C. § 405(g).

Stip. & Prop. Order for EAJA Fees & Costs                         1

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees, expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to James Hunt Miller, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted August 2, 2013.

DATED: August 2, 2013                    *s/ James Hunt Miller*
                                         JAMES HUNT MILLER
                                         (as authorized by email)

                                         Attorney for Plaintiff

                                         MELINDA L. HAAG
                                         United States Attorney

DATE: August 2, 2013          By    *s/ Daniel P. Talbert*
                                      DANIEL P. TALBERT
                                      Special Assistant United States Attorney

                                      Attorneys for Defendant

Stip. & Prop. Order for EAJA Fees & Costs                                  2

ORDER

Pursuant to stipulation, it is so ordered.



DATE: _____

RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE